# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

**TIMOTHY MEADOWS,**

      **Petitioner,**

**v.**                               **Case No. 1:20-cv-00731**

**WARDEN C. MARUKA,**
**FCI McDowell,**

      **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court is Timothy Meadows's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). Respondent has filed a response to the petition requesting that it be dismissed. (ECF No. 10). This case is assigned to the Honorable David A. Faber, United States District Judge, and was referred to the undersigned United States Magistrate Judge by Standing Order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be **DENIED**, that Respondent's request for dismissal be **GRANTED**, and that this action be **DISMISSED**, with prejudice, and removed from the docket of the Court. Because the undersigned conclusively **FINDS** that Movant is not entitled to the relief requested, an evidentiary hearing is not warranted. *Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970).

## I.    Factual and Procedural History

Meadows is an incarcerated person currently housed at Federal Correctional Institution McDowell in Welch, West Virginia. A search of the Inmate Locator on the Federal Bureau of Prisons website reflects that Meadows's projected release date is January 17, 2027.

### A.  Proceedings in the Sentencing Court

On May 24, 2018, Meadows pleaded guilty in the United States District Court for the Southern District of Illinois ("the Sentencing Court") to one count of conspiracy to distribute ice methamphetamine and one count of distribution of ice methamphetamine. (ECF No. 10-2). On October 23, 2018, he was sentenced to 121 months on each count, to run concurrently, followed by a term of supervised release. (ECF No. 10-5). Meadows appealed his conviction and sentence to the United States Court of Appeals for the Seventh Circuit ("Seventh Circuit"), and on March 13, 2019, the Seventh Circuit affirmed the Sentencing Court's judgment. (ECF No. 10-7).

One ground raised in Meadows's appeal was that the Sentencing Court erred by imposing a two-level sentence enhancement under section 2D1.1(b)(1) of the United States Sentencing Guidelines ("U.S.S.G.") for possession of a dangerous weapon in relation to a drug trafficking crime. (ECF No. 10-4 at 12-16, 24-30). In Meadows's case, the dangerous weapon was a loaded crossbow, which was observed during some of Meadows's drug transactions and was stored in his home. Meadows claimed that he used the crossbow for target practice, but evidence was offered at the sentencing hearing that the crossbow was loaded with a bolt appropriate for large game hunting, not for target practice. (*Id*.). After considering the evidence and the arguments of counsel, the Sentencing Court concluded that the crossbow was loaded and present during Meadows's

2

drug sales and thus the two-level enhancement was appropriate. Addressing this ground on appeal, the Seventh Circuit found that the Sentencing Court had a sufficient factual basis upon which to impose the enhancement. Meadows did not seek further review by the Supreme Court of the United States and did not subsequently file a collateral action under 28 U.S.C. § 2255.

### B. *Proceedings in this Court*

On November 9, 2020, Meadows filed the instant petition under § 2241. (ECF No. 1). In the petition, Meadows again challenges the propriety of the two-point sentence enhancement he received under U.S.S.G § 2D1.1(b)(1) for possessing a dangerous weapon. (*Id.* at 2, 6). According to Meadows, a crossbow is not defined as a dangerous weapon in the U.S.S.G. and, consequently, cannot support a two-level enhancement. He asks that his conviction and sentence be vacated and that he be resentenced without the enhancement. (*Id.* at 7). He also asks for an evidentiary hearing to determine the application of the enhancement. (*Id.*).

Respondent filed a response to Meadows's petition on March 5, 2021. (ECF No. 10). Respondent requests that the Court deny Meadows's petition on the basis that it is jurisdictionally barred and without merit. Respondent asserts that Meadows is attacking the validity of his sentence, not its execution; therefore, he must bring his challenge in a motion under § 2255 rather than in a petition under § 2241. Respondent acknowledges that the savings clause found in § 2255(e) occasionally allows a § 2241 petition to be used in place of a § 2255 motion, but only when the remedy under § 2255 is "inadequate or ineffective." (*Id.* at 6). According to Respondent, Meadows has not demonstrated that the remedy under § 2255 is inadequate or ineffective, so relief in this Court is barred. Respondent adds that even if Meadows could bring his claim in this Court, he cannot

succeed, because his claim lacks merit. Respondent notes that Meadows was sentenced within the relevant guidelines range—even when removing the two-level enhancement—and his sentence is only one month longer than the mandatory statutory minimum sentence applicable to the crimes he committed. Respondent debates whether the petition should be recharacterized by the Court as a motion under § 2255 and transferred to the Sentencing Court, but concludes that this process would be futile because a § 2255 motion would be untimely and subject to immediate dismissal. (*Id.* at 9-10).

Meadows submitted a reply memorandum on April 14, 2021, arguing that this Court has jurisdiction over his claim, because the Court is not authorized to decide what the terms "inadequate or ineffective" mean in the context of the savings clause. (ECF No. 13). Meadows suggests that the four-pronged test set forth by the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") in *United States v. Wheeler,* 886 F.3d 415 (4th Cir. 2018), which is used to determine whether a sentence challenge can be addressed via § 2241, is unconstitutional as it invades the legislative powers of Congress. Consequently, Meadows contends, this Court may ignore the four-pronged *Wheeler* test and proceed to entertain the merits of his claim pursuant to the historic use of a writ of habeas corpus. (*Id.* at 3).

## II.    <u>Standard of Review</u>

The government does not identify the standard under which it seeks dismissal of Meadows's petition. It filed a response concurrently with the motion to dismiss. Therefore, the motion should be treated as a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). However, whether the Court construes the motion as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or a motion for judgment on the pleadings

4

under Federal Rule of Civil Procedure 12(c), the distinction makes no practical difference as the same standard of review applies to either motion, and both motions may be filed in habeas actions. *Id.*; *see also Martin v. U.S. Parole Comm'n*, No. cv PWG-17-3335, 2018 WL 2135009, at *1 (D. Md. May 9, 2018).

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion without converting it into a motion for summary judgment. *Id.* The Court "may also consider documents attached to the complaint ... as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Blankenship,* 471 F.3d at 526 n.1).

## III. <u>Governing Law</u>

"In evaluating substantive claims under the savings clause ... we look to the substantive law of the circuit where the defendant was convicted." *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019) (citation omitted). On the other hand, procedural issues are

governed by the procedural law of the circuit in which the petition is pending. *Id.* Meadows was convicted and sentenced in the District Court for the Southern District of Illinois, which sits within the Seventh Circuit. Accordingly, the undersigned will consider the claims in Meadows's § 2241 petition by applying the substantive law of the Seventh Circuit and the procedural law of the Fourth Circuit.

## IV.    <u>Discussion</u>

Despite the title he affixes to his petition, Meadows unequivocally challenges the validity of his sentence, not its execution. As such, his filing is not a habeas petition under 28 U.S.C. § 2241; rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.

Nevertheless, on rare occasions, issues reserved for motions under § 2255 may be raised in petitions for habeas relief filed under § 2241. The "savings clause," found at 28 U.S.C. § 2255(e), allows a § 2241 petition to take the place of a § 2255 motion when "§ 2255 proves inadequate or ineffective to test the legality of detention." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citation omitted). To trigger the savings clause, a petitioner challenging his sentence must show that all of the following factors exist: (1) at the time of sentencing, settled law of the circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of § 2255(h)(2) for

6

second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. *Wheeler*, 886 F.3d at 429.

The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective by satisfying the *Wheeler* criteria. *See Hood v. United States*, No. 01-6151, 2001 WL 648636, at \*1 (4th Cir. June 12, 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014). The savings clause requirements are jurisdictional, rather than procedural. *Wheeler*, 886 F.3d at 426. Therefore, the court does not have jurisdiction to entertain the § 2241 petition if the *Wheeler* criteria are not met. *Id.*[1]

Here, Meadows cannot pursue his claim under § 2241, because he is unable to satisfy all four prongs of the *Wheeler* test. Meadows can meet the first prong, but simply cannot establish the requirements of the second, third, and fourth prongs. Meadows has not pointed to ***any*** change in settled Seventh Circuit substantive law, which affects the calculation of his sentence, nor has he cited to any change in relevant substantive law that is deemed retroactive on collateral review. Meadows never filed a § 2255 motion, so such a motion would not be barred by the gatekeeping provisions of § 2255(h) as required by the third prong of *Wheeler*. Furthermore, Meadows has not demonstrated that there is an error in the calculation of his sentence that is sufficiently grave to constitute a fundamental defect. Indeed, Meadows raised the issue of the two-step sentence enhancement on appeal, and the Seventh Circuit confirmed that the sentence calculation

---

[1] Meadows's argument that the *Wheeler* test is unconstitutional is without merit. Meadows does not cite to any statute or legal precedent in support of his position. Moreover, contrary to Meadows's contention, courts regularly interpret statutes as part of their judicial responsibilities. *See, e.g. Rivers v. Roadway Exp., Inc.*, 511 U.S. 298, 312-13 (1994).

was correct. *United States v. Meadows*, 756 F. App'x 631, 632 (7th Cir. 2019); *see, also, United States v. Foote,* 784 F.3d 931 (4th Cir. 2015) (holding that an error in the application of advisory sentencing guidelines is not a fundamental defect requiring resentencing).

Given that Meadows cannot meet the *Wheeler* criteria, the undersigned **FINDS** that his petition is a motion under § 2255, and as such, this Court lacks subject matter jurisdiction to entertain the merits of his claim. Unlike § 2241 petitions, which are brought in the district in which the petitioner is incarcerated, *see United States v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008), section 2255 directs the prisoner to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). In Meadows's case, the District Court in the Southern District of Illinois is the proper court to hear his claim.

By statute, "upon receiving a wrongfully filed petition in a civil action, a court 'shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed.'" *United States v. McNeill*, 523 F. App'x 979, 983 (4th Cir. 2013) (quoting 28 U.S.C. § 1631). Therefore, if this Court chooses to construe the petition as a § 2255 motion, then the matter eventually must be transferred to the Sentencing Court. However, transfer of a petition that is filed in the incorrect court is not mandatory. *Id.* at 984. Rather, a district court retains the discretion to dismiss a petition that is frivolous or time-barred. *Id.*

Here, the Court should decline to recharacterize Meadows's petition, because the instant action was filed more than one year after Meadows's conviction became final. Under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 motion must be filed within one year of the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Reviewing the petition, the undersigned finds no claimed impediment, or statement of fact or law, that would trigger a date described in subsection 2, 3, or 4 of § 2255(f). Meadows's judgment became final in mid-June 2019, upon the expiration of the time period within which he could file a petition for a writ of certiorari in the Supreme Court. *Clay v. United States*, 537 U.S. 522, 524–30 (2003) ("For the purpose of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). Meadows had one year from that date to file a § 2255 motion, but Meadows did not file the instant action until November 9, 2020. Therefore, the petition was filed after the expiration of the one-year limitations period, and Meadows does not assert a basis for, nor does the record provide a basis for, equitable tolling. *Holland v. Fla.*, 560 U.S. 631, 649 (2010) (holding that equitable tolling should only be extended when a habeas petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (stating that the AEDPA statute of limitations can be tolled in "rare instances where—due to circumstances external to the party's own conduct—it would be

unconscionable to enforce the limitations period against the party and gross injustice would result."). Consequently, Meadows's petition is clearly untimely.

In any event, Meadows has already brought to the Seventh Circuit, by way of direct appeal, the very same sentencing error that he alleges in this proceeding. The Seventh Circuit rejected his appeal. There has been no intervening change of law since the Seventh Circuit's decision. Accordingly, the ground for relief raised in the instant petition is frivolous. Given the untimeliness and frivolousness of Meadows's claim, the interest of justice would not be served by construing his § 2241 petition as a § 2255 motion.

For the foregoing reasons, the undersigned **FINDS** that this Court lacks jurisdiction to consider Meadows's habeas petition and there is no purpose served in recharacterizing his petition for transfer to the Sentencing Court. Therefore, the undersigned respectfully **RECOMMENDS** that the presiding district judge **DENY** the petition and **DISMISS** this action with prejudice.

## V.    <u>Proposal and Recommendations</u>

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**, (ECF No. 10); Meadows's petition be **DENIED**, (ECF No. 1); and that this action be **DISMISSED**, with prejudice, and **REMOVED** from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date

of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:**  December 6, 2021

Cheryl A. Eifert
United States Magistrate Judge